UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Sharon Alexander, | § | |
| on behalf of minor child, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action H-07-00276 |
| | § | |
| Michael J. Astrue, | § | |
| Commissioner of the Social | § | |
| Security Administration, | § | |
| Defendant. | § | |

## OPINION

This appeal from the denial of Social Security insurance benefits is before the court[1] on cross motions for summary judgment.  For the reasons expressed below, the Commissioner's motion (Dkt. 14) is GRANTED, and Alexander's motion (Dkt. 16) is DENIED.

### Statement of Facts

Alexander filed for surviving child's insurance benefits on behalf of her son, claimant Christopher D. Alexander, on July 17, 2003.[2]  In her application she alleged that Christopher was entitled to benefits as the son of wage earner Fred Douglas Harvey (Harvey).  Harvey

---

[1]  Both parties have filed 28 U.S.C. § 636(c) consents to proceed before this magistrate judge.  *See* Dkt. Nos. 12-13.  Page references to the Social Security Administration's records transcript will be cited as follows:  TR 1, TR 2, TR 3, et cetera.

[2]  TR 17-19.

died on May 16, 1991, approximately nine months after Christopher was born in May of 1991.[3]  Alexander's application was denied initially, on rehearing, and again after a hearing before an Administrative Law Judge (ALJ) on March 1, 2005.[4]  The ALJ denied Alexander's application because she failed to produce evidence documenting a parent-child relationship between Christopher and Harvey, and because her testimony was both non-credible and inconsistent with the facts in the record.[5]

On June 22, 2005, Alexander submitted an untimely request for review with the Appeals Counsel.  Alexander included a June 2005 DNA test with her request which demonstrated a 20% likelihood that Christopher and Harvey's daughter from a different mother shared a common biological parent.  Stated another way, the test showed an 82.4% probability of half-siblingship between Christopher and Harvey's daughter.[6]  The Appeals Council considered the DNA test despite Alexander's late-filing but found no reason to review the ALJ's decision because Texas law requires the probability of siblingship to rise to 99% in order for paternity to be established and therefore Alexander's new test fell short of establishing Christopher's paternity.  The Council denied Alexander's request for review on March 31, 2006,[7] thus making the ALJ's decision the final decision of the Commissioner.

---

[3]  TR 17.

[4]  TR 13.

[5]  TR 14-15.

[6]  TR 40-41.

[7]  TR 4-6.

*Sims v. Apfel*, 530 U.S. 103, 107 (2000).

## Standard of Review

This court must affirm the Commissioner's decision if it is supported by substantial evidence, unless improper legal standards were applied.  42 U.S.C. § 402(g).  On questions of fact, this court may not re-weigh the evidence, substitute its judgment for that of the defendant, or reverse his decision if a reasonable mind might find that the relevant evidence he relied upon supports his decision.  *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).  On questions of law, this court may reverse to correct prejudicial legal error.  *Id*.

## Analysis

The Commissioner argues that Alexander's case must be dismissed because her claims rest entirely upon newly gathered evidence and she cannot show the required "good cause" for failing to submit this evidence during the administrative process.  The Commissioner is correct.  Under § 405(g) (sentence six ) of the Social Security Act, this court may "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g).

Courts interpreting § 405(g)'s prerequisites of materiality, newness and good cause have created tests for each requirement.  In the Fifth Circuit, for evidence to be material, there must be a reasonable possibility that it would have changed the Commissioner's

3

decision. *Bradley v. Bowen*, 809 F.2d 1054, 1058 (5th Cir.1987); *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir.1981).  For evidence to be "new," it must not be merely additional, or cumulative of evidence already in the record.  *Pierre v. Sullivan,* 884 F.2d 799, 803 (5th Cir. 1989).  Finally, to meet the good cause requirement for new evidence the claimant must have legitimate explanation for not submitting it earlier.  *Id.* at 803.  Proper explanations for late submitted evidence vary according to the case, but a showing that the evidence post-dates the administrative process is rarely enough by itself.  *Id*.

Here, Alexander presents ten witness affidavits to the court which were not presented to the ALJ or the Appeals Counsel.[8]  Her argument is that these affidavits demonstrate Christopher's entitlement to benefits because they refute the Commissioner's sole reason for denying benefits, i.e. the failure to demonstrate a parent-child relationship.  Specifically, she argues that she and Harvey were "common law married" within 300 days of Christopher's birth and that this fact establishes a presumption of biological paternity under Texas law.

Regardless of whether the affidavits would have allowed the Commissioner to find a parent-child relationship between Christopher and Harvey, these affidavits cannot provide a basis for remand in this case.  The affidavits, which contain witness statements referencing Harvey and Alexander's alleged representations regarding their marriage and paternity of Christopher, were drafted over a year after the Commissioner's decision had become final.  Alexander does not address the good cause requirement of § 405(g), but she implies that her

---

[8] *See* Dkt. 16, Ex. Nos. 1-10.

4

failure to submit these affidavits earlier should be excused because she was not represented during the administrative process and did not understand her right to be represented prior to waiving the right.

Unfortunately for Christopher, however, the record makes clear that Alexander was informed of her right to be represented and her waiver of that right is binding. *Castillo v. Barnhart*, 325 F.3d 550, 552 (5th Cir.2003). In *Castillo*, the Fifth Circuit held that a claimant's waiver of representation was valid because: (1) she was informed of both the right to be represented, and the possibility of free representation; (2) she received at least four written notices of her right to representation; and (3) she was again reminded of the right at her hearing before the ALJ. *Id*. Those are the precise circumstances presented here. At least four written notices regarding the right to be represented were mailed to Alexander, the possibility of free representation was also explained; and she was provided with a list of agencies that might have offered her free representation.[9] Further, at her hearing the ALJ specifically asked Alexander if she wanted to proceed without a lawyer, and if she was waiving her right to representation. She replied that she did and she was.[10]

Under these circumstance Alexander has not shown good cause for failing to submit her new evidence during the administrative process. There is no reason she could not have gathered these witness statements and submitted them to the Commissioner earlier. It is

---

[9] TR 11, 26, 33, 35, 37.

[10] TR 45.

well-established that the claimant has the burden to submit sufficient evidence in support a claim for benefits. *Haywood v. Sullivan*, 888 F.2d 1463,1472 (5th Cir. 1989). Moreover, while her affidavits are new in the sense that the were not drafted until after the Commissioner's final decision issued, the affidavits do not qualify as new for purposes of § 405(g) (sentence six) because the information they provide is largely cumulative of evidence Alexander provided to the ALJ regarding Christopher's paternity and her relationship with Harvey. *Pierre v. Sullivan,* 884 F.2d 799 at 803.

Accordingly, Alexander has failed to meet the newness and good cause requirements of § 405(g) (sentence six) and the court may not order a remand based upon her newly gathered evidence. Because Alexander presents no other arguments justifying a reversal in this case, her motion for summary judgment must be denied.

### Conclusion

For these reasons, the Commissioner's motion for summary judgment is GRANTED, Alexander's cross motion for summary judgment is DENIED, and the decision of the Commissioner denying Alexander's claim on behalf of her son is AFFIRMED.

Signed at Houston, Texas on January 2, 2008.

Stephen Wm Smith
United States Magistrate Judge